UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ZANDRA CLARK,<br><br>Plaintiff,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. NO. 32)**<br><br>Case No. 2:24-cv-00493<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Auto-Owners Insurance Company has moved for partial reconsideration of the court's previous order regarding Rule 30(b)(6) deposition topics.[1] Auto-Owners asks the court to reconsider the portion of the order permitting Zandra Clark to ask Auto-Owners about insurance reserves it set before litigation commenced (Topic 16). Ms. Clark opposes the motion.[2]

The motion for reconsideration is granted in part and denied in part. Ms. Clark may ask Auto-Owners about pre-litigation reserves, but Auto-Owners may make appropriate work-product objections based on involvement of outside counsel in setting the reserves, as explained below.

---

[1] (Def. Auto-Owners Ins. Co.'s Mot. for Reconsideration of Order Re: 30(b)(6) Dep. Topic 16 (Mot.), Doc. No. 32.)

[2] (Resp. to Auto-Owners Ins. Co.'s Mot. for Reconsideration of Order Re: 30(b)(6) Dep. Topic 16 (Opp'n), Doc. No. 35.)

ANALYSIS

Under Rule 54(b) of the Federal Rules of Civil Procedure, an interlocutory decision can be "revised at any time before the entry of a final judgment adjudicating all the claims."[3]  The court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)," but the basic assessment for reconsideration remains the same.[4] The court may reconsider based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[5]  In other words, reconsideration is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."[6]

Topic 16 from Ms. Clark's Rule 30(b)(6) deposition notice addresses "[w]hether reserves were set for Plaintiff's claim, the amount, and the timing of adjustments to reserves."[7]  Auto-Owners objected to Topic 16 (among others) and moved for a protective order, arguing reserves are (1) irrelevant because they are set while claims are still being investigated, and (2) "protected" because Auto-Owners relies on the

---

[3] Fed. R. Civ. P. 54(b).

[4] *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Invs., II, LLC*, 887 F.3d 1003, 1024–25 (10th Cir. 2018), *as revised* (Apr. 10, 2018).

[5] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Id.*

[7] (Rule 30(b)(6) Notice, Topic 16, Doc. No. 25-1.)

advice of counsel in setting reserve amounts.[8]  After a hearing, the court issued an order denying Auto-Owners' motion as to Topic 16.[9]  As the court explained, Ms. Clark cited cases finding reserve amounts relevant in bad faith lawsuits and ordering production—and Auto-Owners did not provide contrary authority.[10]  Based on those cases, the court found reserve information relevant and discoverable where Ms. Clark claims bad faith.[11]  Ultimately, the court permitted Topic 16, subject to a pre-litigation time limitation.[12]

Before the deposition, Auto-Owners filed its motion for reconsideration, relying on an order in *Neese v. Owners Insurance Company*[13] issued two weeks after this court's order.  In *Neese*, the court found reserve information, after the insurer retained outside

---

[8] (Short Form Disc. Mot. for Protective Order on Pl.'s 30(b)(6) Dep. Topics 3, Doc. No. 25.)

[9] (Order Granting in Part & Den. in Part Def.'s Mot. for a Protective Order on Rule 30(b)(6) Dep. Topics (Order on Mot. for Protective Order) 7–8, Doc. No. 31.)

[10] (*Id.* at 7 (citing *Wells Fargo Bank, N.A. v. Stewart Title Guar. Co.*, No. 2:19-cv-00285, 2020 U.S. Dist. LEXIS 75401, at *3 (D. Utah Apr. 28, 2020) (unpublished); *Christensen v. Am. Family Mut. Ins. Co.*, No. 1:09-cv-94, 2011 U.S. Dist. LEXIS 96620, at *17 (D. Utah Aug. 29, 2011) (unpublished))

[11] (Order on Mot. for Protective Order 7–8, Doc. No. 31.)

[12] (*Id.* at 8.)

[13]  The *Neese* order does not appear to be available in online legal databases. Auto-Owners attached a copy of the *Neese* order as an exhibit to its motion for reconsideration.  (Ex. 2 to Mot., *Neese v. Owners Ins. Co.*, No. 1:24-cv-00045, Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. (D. Utah, Feb. 20, 2026) ("*Neese* Order"), Doc. No. 32-2.)

counsel, "appear[ed] to constitute work-product."[14]  Auto-Owners also contends

*Christensen v. American Family Mutual Insurance Company*,[15] cited in both this court's

previous order and the *Neese* order, supports the position that reserve amounts are

only discoverable if "set before final decision on a claim and without involvement of

outside counsel."[16]  Based on *Neese* and *Christensen*, Auto-Owners asks the court to

modify the prior order to clarify that Topic 16 is limited to reserve information

established before Auto-Owners retained outside counsel on December 7, 2023.[17]

In opposition, Ms. Clark contends reconsideration is inappropriate because

neither case Auto-Owners relies on is controlling, and the *Christensen* decision long

predates the court's order.[18]  She argues Auto-Owners should not be permitted to

relitigate issues the court previously addressed—or to raise arguments it could have

raised in prior briefing.[19]  Finally, she argues the language Auto-Owners relies on in

*Christensen* is dicta, mischaracterized, and does not support Auto-Owners' position.[20]

---

[14] (Ex. 2 to Mot., *Neese* Order 3, Doc. No. 32-2.)

[15] 2011 U.S. Dist. LEXIS 96620.

[16] (Mot. 3, Doc. No. 32 (emphasis omitted) (quoting *Christensen*, 2011 U.S. Dist. LEXIS 96620, at *18).)

[17] (*Id.* at 4.)

[18] (Opp'n 7–8, Doc. No. 35.)

[19] (*Id.* at 8–9.)

[20] (*Id.* at 9–11.)  Ms. Clark also argues, for the first time, that Auto-Owners waived any objection to Topic 16 by failing to timely serve its objections to the Rule 30(b)(6) deposition notice by the deadline in the local rules.  (*Id.* at 6–7.)  But Ms. Clark did not raise this issue in opposing Auto-Owners' motion for a protective order; instead, she

Ms. Clark is correct that neither *Neese* nor *Christensen* qualifies as a change in the controlling law.  But where this court relied on *Christensen* to find reserve information did not qualify as work product, and *Neese* relied on *Christensen* two weeks later to reach the opposite result, it is appropriate to examine whether this court correctly interpreted that decision—particularly where this court retains discretion to revise interlocutory orders.

In its previous order, this court cited *Christensen* for the proposition that reserve amounts are "consistently deemed relevant and ordered to be produced in bad faith insurance lawsuits."[21]  *Christensen* directly states this.[22]  But *Christensen* also states: "[the plaintiffs] correctly point out that reserve amounts set before final decision on a claim and *without involvement of outside counsel* are not work product because they are prepared in the ordinary course of an insurance company's business."[23]  Relying on

---

argued the merits of Auto-Owners' objections.  (*See* Resp. to Short Form Disc. Mot. for a Protective Order on Pl.'s Rule 30(b)(6) Dep. Topics, Doc. No. 26.)  Moreover, Ms. Clark relies on Rule 32(d)(1) of the Federal Rules of Civil Procedure in arguing waiver. But this rule states: "An objection to an *error or irregularity* in a deposition notice is waived unless promptly served in writing on the party giving the notice."  Fed. R. Civ. P. 32(d)(1).  Ms. Clark provides no legal authority supporting the notion that a work-product objection to a Rule 30(b)(6) topic qualifies as an "error or irregularity" objection under this rule.  For all these reasons, the court declines to find Auto-Owners waived its objection to Topic 16 based on untimely service of the objection.

[21] (Order on Mot. for Protective Order, Doc. No. 31 (citing *Christensen*, 2011 U.S. Dist. LEXIS 96620, at *17).)  The pin cite in the prior order is incorrect, as this language appears at page *18.

[22] *Christensen*, 2011 U.S. Dist. LEXIS 96620, at *18.

[23] *Id.* (emphasis added).

this language, the *Neese* court permitted deposition topics regarding the setting and adjusting of reserves "to the extent that the information sought is before a final decision on [Neese's] claim and without the involvement of outside counsel."[24]  The *Neese* court noted the insurer had informed the plaintiff that it retained outside counsel on a certain date, and found "reserve information after such date appears to constitute work-product."[25]

Based on a closer examination of *Christensen*, the court is persuaded that reserve amounts set with the involvement of outside counsel *may* constitute work product, if prepared in anticipation of litigation rather than in the ordinary course of business.[26]  But this does not mean reserve information automatically qualifies for work-product protection as of the date an insurer retains outside counsel.  For work-product protection to apply, Auto-Owners would need to show outside counsel was involved in setting the reserves *in anticipation of litigation*.  Accordingly, Ms. Clark may depose Auto-Owners' Rule 30(b)(6) representative regarding Topic 16, but Auto-Owners may assert appropriate work-product objections as to reserve information prepared with the involvement of outside counsel in anticipation of litigation.

---

[24] (Ex. 2, *Neese* Order 3, Doc. No. 32-2.)

[25] (*Id.*)

[26] *See* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").

<u>CONCLUSION</u>

Auto-Owners' motion for reconsideration[27] is granted in part and denied in part. Topic 16 is permitted, but Auto-Owners may assert appropriate work-product objections as to reserve information prepared with the involvement of outside counsel in anticipation of litigation.

DATED this 4th day of May, 2026.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Doc. No. 32.)